Central National Bank in Chicago et al., Appellees, v. William Barry, Appellant.

Gen. No. 44,224.

Opinion filed January 5, 1948. Released for publication January 27, 1948.

ARTHUR S. GOMBERG, of Chicago, for appellant; SAMUEL NINEBERG, of Chicago, of counsel.

MILLER, CURTIS & FRIEDMAN, of Chicago, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

April 11, 1947, plaintiff brought an action of forcible detainer against defendant to recover possession of the first floor apartment at 4247 N. Troy street, Chicago. The case was tried before the court without a jury and on April 30, judgment was entered in plaintiff's favor and against defendant and he appeals.

The record discloses that the case went to trial on April 25, both parties being represented by counsel. That plaintiff, on October 21, 1946, obtained a certificate from the Director of the Office of Price Administration, authorizing defendant to pursue remedies for the removal of the tenant in the apartment in accordance with the requirements of the local law. It further showed that the purpose of evicting the tenant was to permit it to be occupied by David N. Mendelson (one of the beneficial owners of the building) and that the "Action to remove or evict the tenant shall not be commenced sooner than April 10, 1947."

The evidence further shows that Mendelson wanted possession of the apartment for his wife and family; that they were living in a four-room apartment in Chicago which was wholly inadequate and they were threatened with eviction by the landlord of that property. That Mendelson "seeks in good faith to recover possession of the apartment" for himself and his family.

March 1, 1947, plaintiff served a 30-day notice on defendant that his tenancy of the apartment "will terminate on the 31st day of March A. D. 1947, and you are now hereby required to surrender possession of said premises to me on that day." The notice was dated February 28, 1947. When the certificate issued by the Office of Price Administration, was offered in evidence, counsel for defendant objected. The objection was overruled, the court stating that if defendant was questioning the good faith of plaintiff he must take the matter up with the O. P. A. Whereupon counsel for defendant stated: "I am asking that this suit be dismissed for the reason that the Certificate Relating to Eviction recites as follows: 'Action to remove or evict a tenant shall not be commenced sooner than April 10, 1947,'" while the notice given by plaintiff to defendant, stated that the tenancy would terminate on the thirty-first of March, 1947. "I maintain that the

service of the Notice was an action to remove or evict the tenant and that it was prematurely brought." To which counsel for plaintiff replied that the service of the notice was not an action to evict the tenant but merely terminated the month to month tenancy of defendant. Counsel then stated that there was a great deal of law showing his contention was right and the matter, over plaintiff's objection, was continued to April 30, to permit defendant's counsel to submit authorities.

April 30, the matter was brought up before the court and defendant's counsel stated he had filed an application for review with the O. P. A. Director to set aside the certicate authorizing the eviction, stating that the certificate was obtained by fraud and that the matter before the court should be continued. No authorities were cited by counsel for defendant to sustain his contention made April 25.

Defendant contends (1) "That the certificate of eviction permitting action after April 10, 1947, precluded termination of the tenancy prior to April 10, 1947." And (2): "That the 30-day notice served by posting on March 1, 1947, was served too late to terminate the tenancy on March 31, 1947, and defendant was not given a full 30 days in which to vacate."

In the instant case it is admitted that the tenancy was from month to month. Sec. 6, ch. 80, Ill. Rev. Stats. 1947 [Jones Ill. Stats. Ann. 72.06], provides: "In all cases of tenancy for any term less than one year, where the tenant holds over without special agreement, the landlord may terminate the tenancy by thrity days' notice, in writing, and may maintain an action for forcible entry and detainer or ejectment." The notice was served on defendant March 1, which we hold was in compliance with the statute. We construe the notice to mean that the tenancy will terminate on March 31, 1947, and defendant might surrender the premises on that day and be relieved from the payment

of further rent. The instant case was brought April 11, which was authorized by the certificate issued by the O. P. A. which provided that action to remove the tenant "shall not be commenced sooner than April 10, 1947."

Counsel for defendant contend that the 30 day notice was ineffective because it required the tenant to surrender possession before April 10, 1947 and cite two paragraphs of "War Law Service" issued by the Commerce Clearing House of Chicago, and *Do Pico v. Yeomans,* 70 N. Y. S. (2d) 367, and *Ward v. Ouderkirk,* 70 N. Y. S. (2d) 421, the *Do Pico* case was decided by the City court of Newburgh, New York, and the *Ward* by the Municipal court of Syracuse, both trial courts. We think our construction is the correct one.

Defendant made no showing as to what action was taken on the petition which he said he filed in the office of the O. P. A. so we must assume that he was unsuccessful in having the certificate recalled. Counsel for plaintiff says that his petition was denied and this is in no way controverted by defendant in his reply brief.

We hold there was no merit in defendant's contention and that the defense was interposed solely for delay.

The judgment of the Municipal court of Chicago is affirmed.

*Judgment affirmed.*

NIEMEYER, P. J., and FEINBERG, J., concur.